# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                            No. CR 17-2556 JB

ADONIS BAKER,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines, filed February 12, 2024 (Doc. 306)("Sentence Reduction Motion"); and (ii) the Defendant's letter to the Court Clerk requesting appointment of counsel for the Motion, filed May 20, 2024 (Doc. 308)("Motion Appointing Counsel" or "MAC"). The primary issues are: (i) whether the Court should reduce Defendant Adonis Baker's sentence under 18 U.S.C. § 3582(c)(2), because the United States Sentencing Commission ("Sentencing Commission") has lowered Baker's criminal history score by enacting the newly effective and retroactively applicable criminal history "status point" calculation amendment to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"); and (ii) whether the Court should appoint Mr. Baker counsel for the Sentence Reduction Motion. First, the Court denies the Sentence Motion, because: (i) the Court lacks jurisdiction since Baker is ineligible for a sentence reduction; (ii) even if the Court has jurisdiction, a reduction in Baker's sentence is inconsistent with the applicable Guidelines policy statement and is not appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors; and (iii) a reduction in Baker's sentence is also not appropriate in light of the Court's acceptance of the rule 11(c)(1)(C) plea agreement for fourteen years imprisonment, which is well below Baker's

Guidelines sentencing range.  Second, the Court denies the Motion Appointing Counsel, because Baker is not entitled to counsel for the Sentence Reduction Motion.

**<u>FACTUAL BACKGROUND</u>**

From 2014 to 2017, Baker was one of the most significant sex traffickers in Albuquerque, New Mexico, and headed a sex trafficking organization.  <u>See</u> United States Probation Office's Presentence Investigation Report ¶¶ 50, 149 at 11, 27, filed June 27, 2022 (Doc. 291)("PSR").  His numerous victims include women whom he typically targeted for being homeless or drug-addicted; he lured them into his control by offering drugs and shelter, and forced them to work as prostitutes.  <u>See</u> PSR ¶ 149, at 27.  In at least two cases, he picked up women he had not met previously and immediately drove them to another city for the purpose of selling their bodies for sex.  <u>See</u> PSR ¶ 51, at 12.  In one instance, Baker abducted a woman with the threat of a gun and told her she did not have a choice.  <u>See</u> PSR ¶ 149, at 27.  The PSR also notes reports of women being drugged, given "hotshots" of narcotics, and waking up in other cities such as Colorado Springs, Colorado. PSR ¶ 51, at 12.  Victims report that Baker and his co-Defendants usually possessed a firearm, and used physical force, violence, threats of violence, and sexual violence.  <u>See</u> PSR ¶ 51, at 12.

On May 18, 2022, an Information was filed in the United States District Court for the District of New Mexico charging Baker with Conspiracy to Commit Trafficking for offenses between 2014 and 2016 in Bernalillo County, New Mexico.  <u>See</u> PSR ¶ 1, at 4.  The parties entered into a Plea Agreement pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which Baker pled guilty to Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594(c).  <u>See</u> Plea Agreement ¶ 8, at 3-4, filed May 18, 2022 (Doc. 280)("Plea Agreement"); PSR ¶ 2, at 4.  The parties agreed to a specific sentence of fourteen years imprisonment followed by a five-year term of supervised release.  <u>See</u> Plea Agreement ¶ 11(a), at 5.  The PSR calculates

that, had Baker been convicted at trial, his total offense level of 43, combined with a criminal history category of III, results in a Guidelines imprisonment range of life imprisonment. See PSR ¶ 131, at 25. The Court accepted the Plea Agreement and sentenced Baker to fourteen years imprisonment and five years supervised release. See Judgment in a Criminal Case at 1, filed August 3, 2022 (Doc. 301)("Judgment"). The Court also recommended that Baker participate in the Bureau of Prisons 500-hour drug and alcohol treatment program. See Judgment at 2.

## PROCEDURAL BACKGROUND

On February 12, 2024, Baker, acting pro se, filed the Sentence Reduction Motion requesting the Court reduce his sentence in light of Amendment 821. See Motion at 1. Baker argues that Amendment 821 eliminates the criminal-history-score status points under U.S.S.G. § 4A1.1(d) for defendants, like him, who received status points for being under a criminal justice sentence at the time of the offense. See Sentence Reduction Motion at 1. Baker does not, however, state what his new sentence would be after Amendment 821's retroactive application. See Sentence Reduction Motion at 1-2. The United States opposes Baker's Sentence Reduction Motion. See United States' Response to Defendant's Pro Se Motion (Doc. 306) For Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821, filed May 14, 2024 (Doc. 307)("Sentence Reduction Response"). The United States makes two arguments. See Sentence Reduction Response at 1-3. First, the United States argues that Baker is not entitled to a sentence reduction, because, even if Amendment 821 retroactively applies, it would not change his criminal history category nor the resulting applicable Guidelines sentencing range. See Sentence Reduction Response at 2. Second, the United States argues that the Court should deny the Motion because the Court accepted the Plea Agreement's agreed-upon sentence of fourteen years of imprisonment with five years of supervised release. See Sentence Reduction Response at 3. The Federal Public

Defender states that it does not file a motion requesting a sentence reduction for Baker.  See Notice of Sentence Reduction Eligibility Review Under Guideline Amendment 821 at 1, filed September 13, 2024 (Doc. 311).

Baker also sent a letter to the Court Clerk seeking counsel for the Motion, which the Court construes as Baker asking the Court to appoint counsel.  See MAC at 1.  The United States opposes Baker's MAC.  See United States' Response to Defendant's Pro Se Motion for Appointment of Counsel at 1, filed June 10, 2024 (Doc. 309)("MAC Response").  The United States argues that appointment of counsel is not necessary as Baker is not eligible for an Amendment 821 sentence reduction.  See MAC Response at 1.  Moreover, the United States notes that there is no right to counsel in 18 U.S.C. § 3582(c)(2) proceedings.  See MAC Response at 1 (citing United States v. Hemmelgarn, 15 F.4th 1027, 1032 (10th Cir. 2021)).

## ANALYSIS

The Court dismisses the Sentence Reduction Motion for lack of jurisdiction.  The Court also concludes that Baker does not meet any of 18 U.S.C. § 3582(c)(2)'s three requirements for a sentence reduction.  First and most importantly, because Amendment 821 does not lower Baker's Guidelines sentencing range, Baker is ineligible for a sentence reduction.  The Court, therefore, lacks jurisdiction and dismisses the Sentence Reduction Motion.  Even if Baker was eligible for a sentence reduction, the Court would not grant one, because as to 18 U.S.C. § 3582(c)(2)'s second requirement, a sentence reduction here is not consistent with the U.S.S.G. § 1B1.10 policy statement, and as to 18 U.S.C. § 3582(c)(2)'s third requirement, the 18 U.S.C. § 3553(a) sentencing factors do not warrant relief.  Finally, because the Court accepted the stipulated sentence in the Plea Agreement, which was below the Guidelines sentencing range, any further sentence reduction is not appropriate and would undermine the goals of sentencing.  The Court also denies the MAC,

because Baker does not have a right to counsel for a 18 U.S.C. § 3582(c)(2) sentence reduction motion, and appointment of counsel would not change the Court's denial of his Sentence Reduction Motion.

**I.     THE COURT DISMISSES BAKER'S MOTION FOR LACK OF JURISDICTION BECAUSE BAKER DOES NOT MEET 18 U.S.C. § 3582(C)(2)'S FIRST <u>REQUIREMENT</u>.**

18 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  More clearly, 18 U.S.C. § 3582(c)(2) contains "three <u>distinct</u> hurdles" that a defendant must overcome to obtain a sentence reduction.  <u>United States v. C.D.</u>, 848 F.3d 1286, 1290 (10th Cir. 2017)(emphasis in original).  First, the defendant must show that he was sentenced based on a Guidelines range the Sentencing Commission lowered after his sentencing. <u>See</u> 18 U.S.C. § 3582(c)(2).  Second, the defendant must show that his request for a sentence reduction is consistent with the Sentencing Commission's applicable policy statements.  <u>See</u> 18 U.S.C. § 3582(c)(2).  Third, the defendant, to be successful, must be entitled to relief in light of the § 3553(a) sentencing factors.  <u>See</u> 18 U.S.C. § 3582(c)(2).  The Court concludes that Baker does not overcome the first hurdle because, although he was sentenced based on a Guidelines sentencing range, the Sentencing Commission has not lowered his Guidelines sentencing range after sentencing.  The Court, therefore, also concludes that it lacks jurisdiction to consider reducing Baker's sentence under 18 U.S.C. § 3582(c)(2), because the Tenth Circuit holds that 18 U.S.C. § 3582(c)(2) is jurisdictional.

**A.     BAKER DOES NOT OVERCOME THE FIRST 18 U.S.C. § 3582(C)(2) HURDLE, BECAUSE, WHILE HIS SENTENCE IS BASED ON A GUIDELINES RANGE, THE SENTENCING COMMISSION HAS NOT LOWERED THE GUIDELINES RANGE.**

"At the risk of adding more prongs to an already multi-pronged analysis," the Court parses 18 U.S.C. § 3582(c)(2)'s first step into two distinct questions: "(i) was the defendant's sentence based on a Guideline range, at all; and (ii) if so, has the Sentencing Commission subsequently lowered that Guideline range." United States v. Martinez, No. CR 15-4281 JB, 2024 U.S. Dist. LEXIS 190216 at *23 (D.N.M. October 18, 2024)(Browning, J.). "In the typical sentencing case, there will be no question that the defendant's Guidelines range was a basis for his sentence," because "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case." Hughes v. United States, 584 U.S. 675, 686 (citing 18 U.S.C. § 3553(a)). The Honorable Patricia A. Millet, Circuit Judge for the Court of Appeals for the D.C. Circuit, explains in United States v. Smith, 896 F.3d 466 (D.C. Cir. 2018)(Millett, J.), that "Hughes also holds that the later-amended Guidelines provision need only be 'a' relevant part of the sentencing calculus." United States v. Smith, 896 F.3d 466, 472 (D.C. Cir. 2018)(quoting Hughes, 584 U.S. at 687)(emphasis in United States v. Smith, but not in Hughes). Here, Baker's 11(c)(1)(C) Plea Agreement binds the district court to the agreed-upon sentence if the court chooses to accept the agreement. See Fed. R. Crim. Pro. 11(c)(1)(C). The interaction between a "Type-C" agreement and a § 3582(c)(2) motion was unsettled until 2018, when the Supreme Court of the United States decided Hughes. In Hughes, the Supreme Court recognizes that its 4-1-4 decision in Freeman v. United States, 564 U.S. 522 (2011)("Freeman"), generated a split amongst the Courts of Appeals regarding which opinion controls: the four-Justice plurality or Justice Sotomayor's lone concurrence in the judgment. See Hughes, 584 U.S. at 678. In the Freeman plurality's view, Type-C sentences almost always are "based on the Guidelines," because the

sentencing range is almost always a "relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." Hughes, 584 U.S. at 691 (Sotomayor, J., concurring)(quoting Freeman, 564 U.S. at 530). In Justice Sotomayor's view, Type-C sentences are based on the plea agreement and not the Guidelines; nonetheless, Justice Sotomayor writes that Type-C sentences are eligible for reductions under § 3582(c) if the Guidelines form the basis of the sentencing range or of the specific term in the proposed agreement. See Hughes, 584 U.S. at 692 (Sotomayor, J., concurring)(citing Freeman, 564 U.S. at 534-44 (Sotomayor, J., concurring)). Nonetheless, some years later, Justice Sotomayor joins the Hughes majority in full, which adopts the Freeman plurality view. See Hughes, 584 U.S. at 691.

Hughes controls here. The Court concludes that Baker's sentence is "based on" the Guidelines sentencing range, because "[a] sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guideline range is both the starting point and a basis for his ultimate sentence." Hughes, 584 U.S. at 686-87. This rule holds true even when the parties agree to a specific sentence, such as here, because the Guidelines "prohibit district courts from accepting Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guideline range." Hughes, 584 U.S. at 687. Accordingly, the Guidelines range is "'a relevant part of the analytic framework the judge used to determine the sentence or approve the agreement,'" so defendants who enter into specific-sentence Type-C agreements satisfy the first § 3582(c)(2) condition. Hughes, 584 U.S. at 687 (quoting Freeman v. United States, 564 U.S. at 530).

The Court concludes that, pursuant to Hughes, the Court used the Guidelines as both the starting point and the basis for Baker's sentence, despite ultimately sentencing Baker below the Guidelines sentencing range. During the sentencing hearing, at the start of imposing Baker's

sentence, the Court explicitly states that it "considered the Sentencing Guideline Applications" in the PSR, and concludes that the Guidelines imprisonment range is lifetime imprisonment. Sentencing Transcript at 12:6-17, taken July 1, 2022 (Court)("Sentencing Tr.").[1]  Similarly, the Court then says: (i) "The Court has, as I think this record will reflect, carefully considered the Guidelines in arriving in its sentence"; and (ii) "I then have considered the kinds of sentence and range established by the Guidelines."  Sentencing Tr. at 13:3-15 (Court).  In the end, the Court notes, however, that the Guidelines sentencing range is "not appropriate for this sort of offense." Sentencing Tr. at 13:11-13 (Court).  Despite noting that the Plea Agreement's stipulated sentence of fourteen years is "a substantial variance" from the Guidelines sentencing range, the Court states "the parties have worked hard to justify it, and the Court believes that the proposed sentence avoids unwarranted sentencing and disparity among defendants with similar records who have been found guilty of similar conduct."  Sentencing Tr. at 13:21-14:2 (Court).  The Court's statements at the Sentencing Hearing demonstrate that, in accepting a downward variance from the Guidelines sentencing range, the Court based Baker's sentence, in fact and in law, on the Guidelines, pursuant to Hughes.  Furthermore, the Court's numerous assertions that it considered the Guideline range shows that the Guideline range is part of the analytical framework the Court uses to approve the parties' agreement.  The Court concludes, therefore, that the parties rely on the Guidelines to arrive at the Plea Agreement, and the Guidelines did play a role in the Court's decision to accept the Plea Agreement.[2]

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

[2]In Koons v. United States, 584 U.S. 700 (2018), the Supreme Court holds that, when the top end of a Guidelines range falls below the applicable mandatory minimum sentence, and when a district court departs downward from the mandatory minimum because of the defendants' substantial assistance pursuant to U.S.S.G. § 5K1.1, the resulting sentence is "based on" the

Baker's sentence, however, is not "based on" a Guidelines sentencing range that the Sentencing Commission subsequently lowered.  Relevant here is Amendment 821 Part A, which alters U.S.S.G. § 4A1.1 and changes the way criminal history status points are calculated for the purposes of establishing the defendant's criminal history category.  See Supplement to Appendix C at 234-44, United States Sentencing Commission (2023)("Supp. To App. C").  U.S.S.G. § 4A1.1(e) adds "status" points to a defendant's criminal history score if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release[ ] or escape status."  U.S.S.G. § 4A1.1(e).  Under Amendment 821 Part A, defendants with 7 or more criminal history status points now receive 1 status point rather than 2 additional status points, and defendants with less than 7 criminal history status points receive no additional status points if they committed their offense while under a criminal justice sentence.  See Supp. to App. C at 235; United States v. Fabian-Hurtado, No. CR 21-644, 2024 WL 706934, at *2 (D.N.M. February 21, 2024)(Johnson, C.J.).

Baker's Guidelines sentencing range -- life imprisonment -- stays the same even after Amendment 821 Part A's retroactive application.  The PSR originally calculates Baker's subtotal criminal history score as 4 and adds 2 status points to pursuant to § 4A1.1(d), because Baker committed his offense "while under a criminal justice sentence."  PSR ¶¶ 98-99, at 20.  The PSR's total criminal history score is 6.  See PSR ¶¶ 98-99, at 20.  After Amendment 821, however, no status points are added pursuant to § 4A1.1(e) if the defendant's subtotal criminal history score is

_____

defendants' mandatory minimums and their substantial assistance, and not the Guidelines range. 584 U.S. at 705.  In Koons, the district court "scrapped the ranges in favor of the mandatory minimums and never considered the ranges again."  Koons v. United States, 584 U.S. at 705. Koons does not govern the Court's analysis in this case, however, because no mandatory minimum drives the Court's sentencing decision.  Rather, the Plea Agreement drives the Court's sentencing decision, and the Court considered, in law and in fact, the Guidelines to arrive at the Plea Agreement, pursuant to Hughes.

less than 7.  See Supp. to App. C at 235; U.S.S.G. § 4A1.1(e).  Had Amendment 821 been in place when Baker was sentenced, Baker's subtotal criminal history score of 4, which is less than 7, would not have resulted in any additional status points; thus, his total criminal history score would be 4 instead of 6.  See Supp. to App. C at 235; U.S.S.G. § 4A1.1(e).  Pursuant to the U.S.S.G. Ch. 5, Pt. A Sentencing Table, however, Baker's criminal history category still would be III, because the point-range for criminal history category III is 4 to 6.  A criminal history category of III, then combined with Baker's offense level of 43, results in a properly calculated Guideline imprisonment range of life imprisonment.  See PSR ¶ 149, at 29.  Any reduction, therefore, of Baker's criminal history category under Amendment 821 still would result in the same Guideline sentencing range of life imprisonment that he had at the time of sentencing -- regardless of criminal history category.  Accordingly, because Amendment 821 does not change Baker's Guideline sentencing range, he does not satisfy § 3582(c)(2)'s first requirement, and is, therefore, ineligible for a sentence reduction.

### B.    BECAUSE 18 U.S.C. § 3582(C)(2) IS JURISDICTIONAL AND BAKER DOES NOT OVERCOME THE FIRST HURDLE, THE COURT DISMISSES THE MOTION.

The United States Court of Appeals for the Tenth Circuit holds that the first hurdle of 18 U.S.C. § 3582(c)(2) is jurisdictional; if the defendant does not establish this first step, the court, therefore, must dismiss the motion.  See United States v. C.D., 848 F.3d at 1289.[3]  The Tenth

---

[3]The Tenth Circuit has expressed doubt whether 18 U.S.C. § 3582(c), which authorizes courts to resentence defendants, is jurisdictional.  In United States v. Warren, 22 F.4th 917 (10th Cir. 2022), the Tenth Circuit notes that this jurisdictional determination "has been called into serious question," explaining:

> The Supreme Court has clarified that deeming a provision jurisdictional requires an unequivocal statement from Congress: "If the Legislature clearly states that a prescription counts as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue; but when Congress does not rank a

_____

prescription as jurisdictional, courts should treat the restriction as nonjurisdictional in character." <u>Fort Bend Cnty. v. Davis</u>, 139 S. Ct. 1843, 1850 (2019)(quoting <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 515 (2006). There is no such statement in 18 U.S.C. § 3582(c)(2), which suggests that our precedent on this issue may need to be revisited. <u>See United States v. Hald</u>, 8 F.4th 932, 942 n. 7 (10th Cir. 2021)(declining "to read a jurisdictional element in § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication . . . to that effect.").

<u>United States v. Warren</u>, 22 F.4th at 926 n.6.  Consistent with <u>United States v. Hald</u>, at least one other circuit deems a different section of 18 U.S.C. § 3582(c), § 3582(c)(1)(A), non-jurisdictional. <u>See United States v. Wilson</u>, 77 F.4th 837 (D.C. Cir. 2023)(concluding that 18 U.S.C. § 3582(c)(1)(A), governing compassionate-release motions, is not jurisdictional, "because Congress did not use express language making it so.").  Despite its questioning, however, the Tenth Circuit in <u>United States v. Warren</u> does not overrule precedent, but instead falls in line with numerous Tenth Circuit cases establishing that 18 U.S.C. § 3582(c) is jurisdictional.  <u>See United States v. Warren</u>, 22 F.4th at 9263 n.6 (citing <u>United States v. McGaughy</u>, 670 F.3d 1149, 1156-1158 (10th Cir. 2012)(holding that 18 U.S.C. § 3582(c) operates as a clear and mandatory restriction on a court's authority, and that there is a "clear Congressional intent to be jurisdictional"); and <u>United States v. Spaulding</u>, 802 F.3d 1110, 1124 (10th Cir. 2015)(stating that 18 U.S.C. § 3582(c) "acts as a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment")).  Ultimately the Tenth Circuit decides not to reconsider the issue, because the defendant's motion falls within the resentences that 18 U.S.C. § 3582(c)(2) authorizes.  <u>See United States v. Warren</u>, 22 F.4th at 926 n. 6.

    As earlier example of precedent, in <u>United States v. White</u>, 765 F.3d 1240, 1240 (10th Cir. 2014), the Tenth Circuit concludes that, because a defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), the court lacks jurisdiction, explaining:

> [I]f a defendant is not eligible for a sentence reduction, then the district court is not authorized to grant one; and if a district court is not authorized to grant a sentence reduction, then the defendant is not eligible to receive one.  What's important, in short, is that the district court lacks jurisdiction to reduce the defendant's sentence.

<u>United States v. White</u>, 765 F.3d at 1245 n. 3.  The Court, therefore, concludes that, in the Tenth Circuit, 18 U.S.C. § 3582(c) and specifically 18 U.S.C. § 3582(c)(2) are jurisdictional, because precedent establishes this rule in the Tenth Circuit and has not overruled this determination despite calling it into question in <u>United States v. Warren</u>.  <u>See United States v. Warren</u>, 22 F.4th 926 at n.6.  The Court encourages the Tenth Circuit to reconsider its current rule.  The current jurisdictional rule lacks support in modern Supreme Court doctrine pursuant to <u>Fort Bend Cnty. v. Davis</u>, 139 S. Ct. at 1850, according to which 18 U.S.C. § 3582(c) is likely non-jurisdictional. More broadly, as the Fifth Circuit explains: "All sorts of federal statutes impose legal limits on district courts.  (Again, § 2255 is a good example; it sharply limits the circumstances for granting postconviction relief.)  But not all legal limits are jurisdictional ones."  <u>United States v. Shkambi</u>, 993 F.3d 388, 390 (5th Cir. 2021).  In <u>United States v. Shkambi</u>, the Fifth Circuit concludes that

Circuit consistently dismisses a defendant's sentence reduction motion for lack of jurisdiction

when the defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  In United

States v. White, 765 F.3d 1240, 1240 (10th Cir. 2014), the defendant moves for a sentence

reduction under 18 U.S.C § 3582(c)(2), but no amendment lowers the defendant's Guidelines

sentencing range on which the defendant's sentence was based.  See United States v. White, 765

F.3d at 1246.  The district court denies the motion, because the defendant, therefore, is ineligible

for a sentence reduction.  See United States v. White, 765 F.3d at 1244.  While the Tenth Circuit

agrees that the defendant is ineligible for a sentence reduction, the Tenth Circuit explains that

"dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition."

United States v. White, 765 F.3d at 1250.  The Tenth Circuit remands with instructions to dismiss

for lack of jurisdiction.  See United States v. White, 765 F.3d at 1250.  Similarly, in United States

v. Rodriguez-Dimas, 651 Fed. Appx. 819 (10th Cir. 2016),[4] the Tenth Circuit concludes that the

---

the district court's finding that a prisoner's motion for compassionate release under 18 U.S.C. §
3582 lacked merit did not mean that the district court lost jurisdiction.  See 993 F.3d at 389-90.
And as the Ninth Circuit explains the purpose of jurisdictional statutes: "The emergent distinction
is between those [limits] that govern the transition from one court (or other tribunal) to another,
which are jurisdictional, and other [limits], which are not."  United States v. Trujillo, 713 F.3d
1003, 1006-08 (9th Cir. 2013)(quoting Joshi v. Ashcroft, 389 F.3d 732, 734 (7th Cir.
2004))(brackets added in States v. Trujillo).  Here, the Tenth Circuit's treatment of 18 U.S.C. §
3582(c) as jurisdictional serves no purpose in governing the case's transition from one court to
another; dismissal for lack of jurisdiction simply precludes any possibility of a sentence reduction.

[4]United States v. Rodriguez-Dimas, 651 Fed. Appx. 819 (10th Cir. 2016), is an unpublished
opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is
persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not
precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision.

relevant Guidelines amendment, Amendment 782, has no effect on the defendant's criminal history category or his Guidelines sentencing range. See United States v. Rodriguez-Dimas, 651 F. Appx. at 821. The Tenth Circuit states that the defendant is, therefore, ineligible for a sentence reduction, and this conclusion "is also fatal to the court's subject matter jurisdiction to entertain his motion." See United States v. Rodriguez-Dimas, 651 F. Appx. at 821. Like in United States v. White, the Tenth Circuit in United States v. Rodriguez-Dimas states that the district court should have dismissed the defendant's motion for lack of jurisdiction instead of denying the motion on the merits, and remands with the appropriate instructions. See United States v. Rodriguez-Dimas, 651 F. Appx. at 821-22.

Like the defendants with unchanged Guidelines sentencing ranges in United States v. White and United States v. Rodriguez-Dimas, here, Baker does not show that he was "sentenced based on a Guidelines range the Sentencing Commission lowered subsequent to defendant's sentencing." United States v. C.D., 848 F.3d at 1289. Baker is thus ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court, therefore, follows the Tenth Circuit's interpretation of 18 U.S.C. § 3582(c)(2) as jurisdictional, and concludes that the Court lacks subject-matter jurisdiction to reduce Baker's sentence. See C.D., 848 F.3d at 1289. See also United States v. Ornelas-Ortega, 2024 U.S. Dist. LEXIS 230010 at *4-5 (D.N.M. 2024)(Johnson, C.J.)(dismissing the case for lack of jurisdiction, because the Sentencing Commission does not lower the defendant's sentence and therefore the defendant is ineligible for a sentence reduction under Amendment 821).

_____

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Rodriguez-Dimas has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

## II.    BAKER IS NOT ENTITLED TO A SENTENCE REDUCTION BECAUSE HE DOES NOT MEET 18 U.S.C. § 3582(C)(2)'S REMAINING REQUIREMENTS.

Even if Baker is eligible for a sentence reduction, the Court concludes that he is not entitled to a reduction, because he does not satisfy 18 U.S.C. § 3582(c)(2)'s remaining two requirements. First, a reduction in Baker's sentence is inconsistent with the Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.10. See United States v. C.D., 848 F.3d at 1289; U.S.S.G. § 1B1.10. Section 1B1.10 has two requirements. The first requirement is that "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1). See 18 U.S.C. § 3582(c)(2). A sentence reduction is consistent with the U.S.S.G. § 1B1.10 policy statement if: (i) one of the amendments in § 1B1.10(d), including Amendment 821, is applicable to the defendant, or (ii) an amendment listed in § 1B1.10(d) has the effect of lowering the defendant's applicable Guidelines range. See U.S.S.G. § 1B1.10(a)(2). Here, a sentence reduction is inconsistent with the U.S.S.G. § 1B1.10 policy statement, because although Amendment 821 is applicable to Baker, Amendment 821 does not have the effect of lowering Baker's applicable Guidelines range. The Court concludes that Baker does not meet 18 U.S.C. § 3582(c)(2)'s second requirement to obtain a sentence reduction.

As for § 3582(c)(2)'s third requirement, Baker is not entitled to relief in light of the § 3553(a) sentencing factors. "A defendant's eligibility for sentencing reduction does not give him an absolute right to reduction." United States v. Collazo, 2020 WL 601943, at *3. The § 3553(a) factors call upon district courts to evaluate, as pertinent here, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the "need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B). The parties do not address the § 3553(a) sentencing factors. The

Tenth Circuit does not require district courts to explain their consideration of the § 3553(a) sentencing factors, but encourages doing so. See United States v. Chavez-Meza, 854 F.3d 655, 661 (10th Cir. 2017)("Even though district courts need not explain their decisions in sentence-reduction orders, that does not mean that they should not do so."), aff'd, 585 U.S. 109 (2018). The Court, therefore, still addresses them for complete analysis and concludes that a reduction in Baker's sentence is not appropriate under the factors.

Here, Baker's underlying offense's nature and circumstances, along with his criminal history and characteristics, do not support a reduction in Baker's sentence, because his crimes are unspeakably depraved and have profoundly harmed vulnerable individuals. See United States v. Osborn, 679 F.3d 1193, 1196 (10th Cir. 2012)("[T]he nature and circumstances of the underlying offense are eminently proper considerations in a motion under § 3582(c)(2)."). Baker was one of Albuquerque's most significant and violent sex traffickers. See PSR ¶ 149, at 27. Baker targeted homeless, drug-addicted women, lured them into his control by offering drugs and shelter, and then forced them to work as prostitutes. See PSR ¶ 149, at 27. He committed many other similar severe acts of violence, abuse, and exploitation. See PSR ¶ 149, at 27. The PSR recounts various instances where Baker and his associates would threaten to kill or to harm seriously victims if they refused to engage in prostitution; in one instance, Baker hit a victim and then held the victim's head underwater in the bathtub four to five times after she refused to prostitute herself. See PSR ¶ 20, at 6. In another instance, Baker and his associates threatened to kill a victim if she did not engage in prostitution, and after she finally engaged in prostitution, she alleges that Baker's associates "shot her up with heroin" while she was asleep. PSR ¶ 18, at 6. Baker physically abused his victims, forced them to perform oral sex on him, withheld drugs if victims refused to work, controlled their ability to communicate with outsiders, and restricted their movement. See PSR ¶

25, at 7.  There is no possibility that the sex trafficking conviction's nature and circumstances, and

Baker's criminal history and characteristics, support a reduction even if Baker is eligible for one.

The Court, therefore, concludes that the § 3553(a) sentencing factors do not warrant a reduction in

Baker's sentence, and thus § 3582(c)(2)'s third requirement does not entitle him to a sentence

reduction.

### III.    A SENTENCE REDUCTION IS NOT APPROPRIATE BECAUSE THE COURT ACCEPTED THE PLEA AGREEMENT'S SENTENCING RANGE.

Finally, the benefits that Baker gains from the Plea Agreement, which the Court accepted,

do not make any further sentence reduction appropriate here.  In addition to the § 3553(a)

sentencing factors, courts may consider "post-sentencing conduct," U.S.S.G. § 1B1.10, app.

N.1(B)(iii), and "the benefits the defendant gained by entering a Type-C agreement when it decides

whether a reduction is appropriate," Hughes v. United States, 584 U.S. 675, 689 (2018).  See also

Osborn, 679 F.3d at 1195.  Here, Baker immensely benefits from the Plea Agreement's specific

sentence of fourteen-years imprisonment, which is well below the PSR's calculated Guidelines

imprisonment range of lifetime imprisonment.  In the District of New Mexico, judges often

conclude that, where a defendant benefits from a rule 11(c)(1)(C) plea agreement to a specific

sentence that is at the low end or below the Guidelines sentencing range, a sentence reduction is

not warranted.  See United States v. Madrid, No. CR 18-2325 WJ, 2024 U.S. Dist. LEXIS 95871,

at *7-9 (D.N.M. May 30, 2024)(Johnson, C.J.)(denying a defendant's motion for a sentence

reduction, because, among other things, the defendant benefitted from a rule 11(c)(1)(C) plea

agreement to a specific sentence at the low end of the Guidelines); United States v. Sosa, No. CR

20-1499-RB, 2024 U.S. Dist. LEXIS 159072 at *8-10 (D.N.M. Sept. 4, 2024)(Brack, J.)(stating

that the fact the defendant received "substantial benefits" from the plea agreement which reduces

the sentence 18 months below his Guidelines sentencing range, weighs heavily against a sentence

reduction).  Baker receives more "substantial benefits" from the Plea Agreement compared to those benefits the defendants receive in <u>United States v. Madrid</u> and <u>United States v. Sosa</u>, because the Plea Agreement reduces his Guidelines sentencing range from lifetime imprisonment to fourteen years.  The Court, therefore, finds that any further sentence reduction is not appropriate and would undermine the goals of sentencing.

## IV.    <u>BAKER IS NOT ENTITLED TO COUNSEL</u>.

There is no constitutional right to counsel beyond the direct appeal of a criminal conviction. <u>See</u> <u>Coronado v. Ward</u>, 517 F.3d 1212, 1218 (10th Cir. 2008).  The Tenth Circuit holds that district courts may rule on 18 U.S.C. § 3582(c)(2) sentence reduction motions without appointing counsel for the defendant or holding an evidentiary hearing.  <u>See</u> <u>United States v. Brown</u>, 556 F.3d 1108, 1113 (10th Cir. 2009); <u>United States v. Campos</u>, 630 F. App'x 813, 816 (10th Cir. 2015)(unpublished)("No right to counsel extends to a § 3582(c)(2) motion.").  The Court denies Baker's MAC, because he has no constitutional right to counsel for his Sentence Reduction Motion pursuant to 18 U.S.C. § 3582(c)(2).  <u>See</u> <u>Coronado v. Ward</u>, 517 F.3d at 1218.  Moreover, even if Baker has counsel, the Court still concludes that he is not entitled to a sentence reduction.

**IT IS ORDERED** that: (i) the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines, filed February 12, 2024 (Doc. 306), is dismissed for lack of jurisdiction; (ii) the Defendant's sentence remains fourteen years of imprisonment and five years of supervised release; and (iii) the Defendant's letter to the Court Clerk which the Court construes as a motion asking the Court to appoint counsel, filed May 20, 2024 (Doc. 308), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Alexander M.M. Uballez
  United States Attorney
Kimberly N. Bell
   Assistant United States Attorney
Letitia Carroll Simms
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Adonis Baker
Seagoville, Texas

      *Defendant, pro se*